ROBB, Judge,
dissenting.
As noted by the majority, when a parent subject to a custody or parenting time *325 order wishes to relocate and the other parent objects, the relocating parent must prove that the relocation is made in good faith and for a legitimate reason. If the relocating parent makes this showing, then the objecting parent must prove that the relocation is not in the child’s best interest. The majority decides that the record clearly supports the trial court’s conclusion that Mother desired to relocate in good faith and for a legitimate reason. I respectfully dissent.[3]
In her notice of intent to relocate, Mother stated her reasons as accommodating her growing family and moving to a better school district. The only testimony about the quality of the school districts in the area was Mother’s reference to originally looking for a new house in Shipshewana because those schools “graded really well.” Transcript at 19. However, when Father pointed out Shipshewana schools did not have a football program in which their son could participate, Mother began looking at houses in Goshen. There was no testimony comparing the schools the children were attending with the Goshen schools, and in fact, there was no testimony about the Goshen schools at all, other than Mother affirming she had investigated them. Therefore, I do not believe that there is any evidence of record that supports moving to a better school district as a good faith and legitimate reason for Mother’s proposed relocation.
Mother also testified that space was the main reason for moving: she wanted a bigger home because she had become engaged, her fiance had moved in with her and the children, and she and her fiance had recently had a baby. With regard to Mother’s efforts to find a bigger home in her current town, Mother testified she looked in Albion but did not find anything she liked: “there aren’t any that were any I guess bigger than the house that we live in now. I mean there wasn’t a house that was as accommodating as moving.” Id. at 25. However, she went to no actual showings in Albion because she found no listings online she felt were worthwhile. Mother’s proposed new home in Goshen is new construction; there was no testimony that she investigated the possibility of building a new home in Albion.
I see the evidence in this case as distinctly different from recent cases in which we have found a good faith and legitimate reason for relocation was proven. In In re Paternity of X.A.S. v. S.K., 928 N.E.2d 222 (Ind.Ct.App.2010), trans. denied, for example, the child’s custodial parent and primary caregiver for nine of his twelve years married a member of the United States Navy who was stationed in California. We held the trial court’s denial of the custodial parent’s petition to relocate was in error, noting that regardless of the decision, the child was going to live across the country from one of his parents and it was in the child’s best interest to stay with his primary caregiver. Id. at 229-30; see also H.H., 3 N.E.3d 30 (holding mother’s desire to move with child to join her new husband who had accepted a job in and moved to Hawaii was a good faith and legitimate reason for relocation, but also holding the move was not in the child’s best interest); Kietzman v. Kietzman, 992 N.E.2d 946, 950 (Ind.Ct.App.2013) (affirming trial court’s grant of mother’s request to relocate with child and new husband, whose job had offered him a three year assignment to China). In those cases, there was no way for the parent to satisfy the competing interests of keeping the children *326 near the non-custodial parent and also building a new life. Here, although Mother is moving only a few miles, she has shown no significant and compelling reason for her move. She may not have been able to find a home she wanted to move into in Albion at this time, but she presents no reason why she must move now. She indicated she wished to have the move accomplished prior to the start of school, but if she waited for a suitable home to become available (or built a home to suit) in Albion, the children would not be changing schools and the timing would not matter. Mother’s proposed move separates Father from the children just enough that although he will still be able to exercise his scheduled parenting time, he will be more on the fringes of their everyday lives. As Father testified:
To say that things wouldn’t change when you take a seven minute drive to see them to over an hour drive to see them I think is ludicrous, because it does change things. And again you might be able to show on paper where, oh, ten miles is ten miles, but it is not the same thing when you are that far apart and the opportunities won’t come. And what I’ve learned from the past is what might be hey can you pick them up from school now because I am right here turns into hey, don’t worry about it or I don’t even actually get a call and someone else, a friend picks them up and I don’t even get that opportunity anymore. Those are the things that don’t show up on paper.
Tr. at 81.
As the majority states, the “good faith and legitimate reason” prong should not set an inordinately high bar for the relocating parent to meet, lest the ultimate question of the best interest of the child never be reached. See op. at 321 (quoting T.L., 950 N.E.2d at 789). Nonetheless, the reason for relocation must be objectively legitimate. Id. at 320 (quoting T.L., 950 N.E.2d at 787). Although Mother mentioned several other supposed reasons for moving — such as the schools, and being somewhat closer to Grand Rapids for occasional work purposes and purposes of her fiance visiting his daughter — she stated more than once that her primary reason for moving was that her growing family needed more space. If simply saying, “I want a bigger house,” is a good faith and legitimate reason for relocating, then we have gone too far in the opposite direction of setting too high a bar for the relocating parent to meet, we have set no bar whatsoever. Nothing underscores the need for a more definitive standard of what constitutes a “good faith and legitimate reason” than Mother’s attitude, reflected both in her brief and in her statements at oral argument, that it was too late to afford Father any relief — the trial court had accepted her reason and she had already moved. In essence, any stated reason that is not an outright admission that the parent is relocating to interfere with the other parent’s rights would be considered a good faith and legitimate reason for relocating, and the relocating parent’s burden of proof as set forth in the statute would be meaningless.
In D.C. v. J.A.C., 977 N.E.2d 951 (Ind.2012), our supreme court considered a trial court order finding the custodial parent who sought to move out-of-state with the parties’ child met her initial burden of showing a good faith and legitimate reason for relocation — better employment and a romantic relationship — but also finding relocation was not in the child’s best interest. In affirming the trial court, the court “reiterate^ that in family law matters, trial courts are afforded considerable deference” and held the trial court’s judgment denying the petition to relocate was “well supported by the findings....” Id. at 958. *327 Here, the trial court made no findings of fact, it simply found as a matter of law that Mother had met her burden of proving a good faith and legitimate reason for relocating and that Father had not met his succeeding burden of proving relocation was not in the children’s best interests. Because I disagree that Mother has stated a good faith and legitimate reason for relocating, I would hold the trial court erred in approving the relocation.[4]

. I concur with the majority that Mother is not entitled to attorney fees pursuant to Appellate Rule 66(E).

. Father presented his own testimony regarding the proposed move and its impact on the best interests of the children. Because I do not believe Mother met her burden of proving a good faith and legitimate reason for moving, I do not believe the burden shifted to Father to prove the best interests of the children were not served by relocation, and I therefore do not address that point.